**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51336/51337**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 30, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BREYDON WEST QUINN SWANK, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Lamont C. Berecz, District Judge.

Judgments of conviction and aggregate, unified sentence of twenty years, with a minimum period of incarceration of seven years, for lewd conduct with a child and felony injury to a child, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

This appeal involves two consolidated cases. In Docket No. 51136, Breydon West Quinn Swank pled guilty to lewd conduct with a child under sixteen, Idaho Code § 18-1508. The district court imposed a unified sentence of twenty years, with a minimum period of incarceration of seven years. In Docket No. 51137, Swank pled guilty to felony injury to a child, I.C. § 18-1501(1), and the district court imposed a unified sentence of ten years, with a minimum period of incarceration of five years. The sentences were ordered to run concurrently. Swank appeals, contending that his sentences are excessive.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion. Therefore, Swank's judgments of conviction and sentences are affirmed.